# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

**HELEN D. FURROW,**  ]
 ]
   Plaintiff,  ]
 ]
   vs.  ]  CV 11-J-735-NE
 ]
**MICHAEL J. ASTRUE,**  ]
**Commissioner of the Social**  ]
**Security Administration**,  ]
 ]
   Defendant.

## MEMORANDUM OPINION

This matter is before the court on the record and the briefs of the parties. The court has jurisdiction pursuant to 42 U.S.C. § 405. The plaintiff is seeking reversal and remand of the final decision of the Commissioner. All administrative remedies have been exhausted.

The plaintiff applied for Supplemental Security Income most recently on March 8, 2007, alleging she is disabled due to panic disorder, anxiety and depression (R. 85, 161). She also alleged that she suffered from a learning disorder, obesity, GERD, and hypertension (R. 181). At the hearing, she added that she also suffers from pain in her knees (R. 39). The application was denied by an Administrative Law Judge on April 22, 2009 (R. 14-22). The ALJ's determination became the final decision when the Appeals Council denied the plaintiff's request for review (R. 6-8).

The sole function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether the correct legal standards were applied. *Bloodsworth v. Heckler*, 703 F.2d 1233 (11th Cir. 1983). The

court has carefully reviewed the entire record in this case and is of the opinion that the Commissioner's decision is supported by substantial evidence and that the proper legal standards were applied in reaching that decision.

The plaintiff argues that the ALJ failed to properly consider the plaintiff's impairments in combination with each other. Plaintiff's memorandum at 7-9. The plaintiff cites to medical evidence that the plaintiff suffers from frequent urinary tract infections, esophageal ulcers and a variety of gastrointestinal symptoms. The ALJ discussed each of these medical findings in his opinion, but did not find them to be severe.

An ALJ, in making a disability determination, must consider the combined effects of all impairments. *Davis v. Shalala*, 985 F.2d 528, 533 (11th Cir.1993); *Swindle v. Sullivan*, 914 F.2d 222, 226 (11th Cir.1990); *Walker v. Bowen*, 826 F.2d 996, 1001 (11th Cir.1987). A severe impairment is "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities." *Barnhart v. Thomas,* 540 U.S. 20, 24, 124 S.Ct. 376, 379 (U.S.2003)(quoting 20 C.F.R. §§ 404.1520(c), 416.920(c). An impairment is not severe if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to perform basic work activities, irrespective of age, education, or work experience. *Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir.1984).

In *Heatly v. Commissioner*, the Eleventh Circuit addressed a similar argument, holding that:

> Nothing requires that the ALJ must identify, at step two, all of the impairments that should be considered severe. Instead, at step three, the ALJ is required to demonstrate that it has considered all of the claimant's impairments, whether severe or not, in combination. *See id.; Bowen v.*

> *Heckler*, 748 F.2d 629, 635 (11th Cir.1984) (explaining that the ALJ must make "specific and well-articulated findings as to the effect of the combination of impairments"). Here, that the ALJ did consider all of Heatly's impairments (whether severe or not) in combination is clear. The ALJ discussed in detail Heatly's testimony and medical history, which included Heatly's pain complaints, his limitations due to pain, and the diagnoses he received related to his pain. *See Jones v. HHS*, 941 F.2d 1529, 1533 (11th Cir.1991) (a simple expression of the ALJ's consideration of the combination of impairments constitutes a sufficient statement of such findings).

*Heatly v. Commissioner of Social Sec.*, 382 Fed.Appx. 823, 825 (11th Cir.2010). Like in *Heatly*, the ALJ here stated at step four that he considered "the entire record" (R. 18). Similarly, the ALJ explicitly stated that he considered the plaintiff's medically determinable impairments in determining whether those impairments could be expected to cause her alleged symptoms (R. 19). The Eleventh Circuit has held that a statement by the ALJ that he considered the impairments in combination is sufficient to show that the ALJ considered the combined effect of plaintiff's impairments. *See Jones v. Dep't of Health & Human Svcs.*, 941 F.2d 1529, 1533 (11th Cir.1991) (noting that the statement that the claimant does not have "an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulation No. 4" indicated that the ALJ considered the combined effect of appellant's impairments); *see also Wilson v. Barnhart*, 284 F.3d 1219, 1224-25 (11th Cir.2002) (holding that an ALJ's statement that the claimant "did not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4 ... constitute [d] evidence that [the ALJ] considered the combined effects of [the claimant's] impairments") (emphasis in original).

The ALJ crafted a hypothetical to the Vocational Expert (VE) which included the very limitations the plaintiff testified she had. For example, the plaintiff testified she could stand for 15 minutes and sit for 10 minutes and that she panicked when she was around a lot of people (R. 40-41). The ALJ incorporated the limitation as a sit/stand option in his questions to the VE as well as the requirement of a job that had no contact with the public, had low-stress, and no dangerous equipment (R. 63-64, 66-67). Including within his hypothetical the very limitations the plaintiff claimed further demonstrates that the ALJ considered each of the plaintiff's limitations in combination.

Given the evidence presented to the ALJ and this court, the court cannot conclude the decision of the ALJ was against the weight of the evidence. Accordingly, the decision of the Commissioner must be **affirmed.**

Done, this 7th day of September, 2011.

_____
INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE